UNITED STATES of America, Appellee,

v.

Isaac S. HUDDLESTON, Appellant.

No. 86–1630.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1986.

Decided Jan. 8, 1987.

752

James J. Knappenberger, Clayton, Mo., for appellant.

Charles A. Shaw, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Huddleston appeals his conviction for conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841 (a)(1) and 846. We affirm.

The evidence, reviewed in a light most favorable to the government, *see Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), established the following facts. Huddleston began purchasing cocaine from Lawrence Moore in August 1984. In December 1984, Moore introduced Huddleston to Moore's supplier, Frank Luckett. Huddleston told both Moore and Luckett that various people were buying or would buy cocaine from him. Thereafter, Huddleston purchased cocaine directly from Luckett. Moore observed several such purchases between December 1984 and March 1985. In August

1985 Moore was arrested for selling cocaine, and he agreed to cooperate with the government. Moore met with Huddleston and gave him $1000 in government funds as payment of Moore's cocaine debts. Moore met several times with Luckett and exchanged money for cocaine. Moore also maintained continuous contact with Huddleston. Moore recorded his telephone conversations with Huddleston on November 20, 1985 and December 19, 1985, during which they discussed their cocaine transactions. Moore also recorded a face-to-face conversation that took place on January 7, 1986, shortly after Luckett had been arrested. During this conversation, Huddleston discussed his involvement in Luckett's organization. Huddleston also disclosed that he had driven to Memphis to hide $35,000 in cash and a kilogram of cocaine.

Huddleston was arrested and charged in one count of a thirteen count indictment for conspiring with Luckett to distribute cocaine. Luckett was charged in all thirteen counts. Luckett pleaded guilty. Huddleston was found guilty by a jury and was sentenced to a term of ten years imprisonment. On appeal, Huddleston alleges several errors.

■ First, Huddleston contends that the district court* erred in refusing to strike for cause four prospective jurors who he argues could not have been impartial because of either their connection with the police, history as crime victims, or experience on a grand jury in an unrelated narcotics case. Huddleston argues that, because of the district court's refusal, he was forced to use his peremptory challenges to strike these individuals from the jury. The district court's refusal was not an abuse of discretion and does not constitute reversible error. The district court has broad discretion in determining whether to strike jurors for cause, and we will reverse only where actual prejudice has been demonstrated. *Rogers v. Rulo*, 712 F.2d 363, 367 (8th Cir.1983), *cert. denied,*

464 U.S. 1046, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984). Huddleston has failed to show actual prejudice.

■ Second, Huddleston contends that the district court erred in allowing the government to introduce several coconspirator statements. Huddleston argues that the statements were not made in furtherance of the conspiracy, and that the statements were made either before he joined the conspiracy or after the conspiracy had ended. After carefully reviewing the record, we hold that the district court did not err in admitting the coconspirator statements. The evidence demonstrates that a conspiracy existed, Huddleston and the declarants were part of the conspiracy, and the declarations were made in furtherance of the conspiracy. *See United States v. Bell*, 573 F.2d 1040, 1043 (8th Cir.1978). Moreover, "statements made by coconspirators before a defendant joins the conspiracy are admissible as long as the conspiracy or scheme existed at the time the statements were made." *United States v. Leroux*, 738 F.2d 943, 949–50 (8th Cir.1984).

■ Third, Huddleston contends that the district court erred in limiting the scope of his cross-examination of Moore. The court prohibited Huddleston from asking Moore about a prior misdemeanor conviction, gambling with Huddleston, the government's case against Moore, and the failure to report income derived from cocaine transactions. We hold that the error, if any, is harmless, because even if Huddleston could have completely discredited Moore's testimony by cross-examining Moore on the above matters, independent evidence exists from which the jury could have found Huddleston guilty beyond a reasonable doubt. The recorded conversation of January 7, 1986, during which Huddleston made several incriminating statements, sufficiently implicates Huddleston in Luckett's organization and the conspiracy to distribute cocaine. This conversation reveals that the cash and cocaine that Huddleston hid in

* The Honorable John F. Nangle, United States Chief District Judge for the Eastern District of Missouri.

Memphis belonged to the organization, that Huddleston hid it there as soon as he learned that Luckett had been arrested, and that the authorities would be looking for the organization's cash. *See United States v. Braidlow,* 806 F.2d 871, 784 (8th Cir.1986) (to prove conspiracy, the evidence must demonstrate that the defendant affirmatively cooperated or agreed to cooperate in the object of the conspiracy). In addition, the recorded conversations of November 20 and December 19, 1985, also demonstrate Huddleston's participation in the conspiracy to distribute cocaine.

█ Finally, Huddleston contends that the district court erred in formulating the jury instructions and in allowing Moore to testify as to the quality of the cocaine and as to the names of the other individuals involved in the conspiracy. Huddleston argues that the instructions prejudicially overemphasized the law of conspiracy, and that Moore's lay opinion and the names of the other conspirators are irrelevant and prejudicial. Our review of these errors is governed by the abuse of discretion standard. *See United States v. Reda,* 765 F.2d 715, 719 (8th Cir.1985) ("A district court has wide discretion in formulating appropriate jury instructions."); *United States v. Ness,* 665 F.2d 248, 249–50 (8th Cir.1981) (admissibility of lay opinion testimony is within the sound discretion of the trial court); *Rothgeb v. United States,* 789 F.2d 647, 650 (8th Cir.1986) (relevancy of testimony is within the broad discretion of the court). After carefully reviewing the record, we hold that the district court did not abuse its discretion. The jury instructions fairly and adequately set forth the law of conspiracy. Moore's opinion as to the quality of the cocaine was rationally based on his perception, and it was helpful in understanding his testimony and in determining the nature and extent of the conspiracy. *See* Fed.R.Evid. 701 (1986). Finally, Moore's testimony as to the names of the other conspirators lends some credibility to his version of the facts; his ability to recall the names of the coconspirators demonstrates his familiarity with the organization and bolsters his credibility as the

government's key witness. This relevancy is not substantially outweighed by any prejudice to Huddleston.

For the reasons stated above, we hold that the district court did not err as alleged by Huddleston. Accordingly, his conviction for conspiracy to distribute cocaine is affirmed.