72 F.3d 134
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Theodis TYLER, Appellant.
 No. 95-2379.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 17, 1995.
Filed Dec. 19, 1995.
 
 E.D.Mo.
 AFFIRMED.
 Appeal from the United States District Court for the Eastern District of Missouri.
 Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 Theodis Tyler appeals from a judgment of the district court[1] entered upon a jury verdict finding him guilty of food stamp fraud, in violation of 7 U.S.C. Sec. 2024(b). We affirm.
 
 
 2
 During voir dire, the district court asked the venire panel if anyone had received food stamps or worked in a business or occupation involving food stamps. Several indicated they had. The court then asked if anything about their experience would affect their ability to be fair and impartial jurors. Richard May responded that he believed some food stamp recipients abused the system. Dona Hendrickson, who worked in a bank and received food stamp redemption certificates for deposit, stated she "felt there's no way [depositors] could do that much business in food stamps. You know not no way." Tyler then requested that the court dismiss the entire panel. The court overruled the motion and asked if anyone had thoughts about the food stamp program that would affect his or her ability to be fair and impartial. Kirk Openlander said yes. The court again asked if anyone could not be fair and impartial because of beliefs about the food stamp program. No one responded. The court also gave counsel an opportunity to question the panel. At the close of voir dire, the court granted the government's motion to strike May, Hendrickson and Openlander for cause.
 
 
 3
 At trial, the government presented evidence that Tyler was the operator of P & T's Market and handled its finances, including food stamp redemptions. Among other things, the government introduced evidence that between July 1989 and July 1993 the market redeemed $548,762.00 worth of food stamps, but on tax returns reported $188,628.46 in gross sales, of which $45,782.42 was attributable to items eligible for food stamps, and that Tyler had admitted certain illegal food stamp transactions. The jury acquitted Tyler of one count of food stamp fraud, but convicted him of four other counts.
 
 
 4
 On appeal Tyler argues that the court abused its discretion by denying his motion to dismiss the entire panel. He asks that this court presume that May and Hendrickson's remarks prejudiced the panel. "This is not the law." United States v. Williams, 935 F.2d 1531, 1537 (8th Cir.1991), cert. denied, 502 U.S. 1101 (1992). We do not presume prejudice. Id. Rather, "[t]he district court 'has broad discretion in determining whether to strike jurors for cause, and we will reverse only where actual prejudice has been demonstrated.' " United States v. Blum, 65 F.3d 1436, 1442 (8th Cir.1995) (quoting United States v. Huddleston, 810 F.2d 751, 753 (8th Cir.1987)). This standard is the same for dismissing a single juror or the entire panel. Williams, 935 F.2d at 1537; United States v. Khoury, 901 F.2d 948, 955 (11th Cir.), modified on other grounds, 910 F.2d 713 (1990). Tyler has not demonstrated that the comments prejudiced the jury, which would be a difficult task given that the jury acquitted him of one count of food stamp fraud. Moreover, we note that May and Hendrickson did not express an opinion concerning Tyler's guilt or innocence or relate personal knowledge about the case, see id., and after the comments the court and counsel questioned the panel about possible biases.
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri