67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David BILLUPS, Plaintiff-Appellant,
v.
James SCHOTTEN, Respondent-Appellee.
 No. 94-4072.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1995.
 
 1
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 David Billups appeals from a judgment denying his petition for habeas corpus relief filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990 and 1991, David Billups was convicted of several felonies in three different trials in Ohio state courts. He received an aggregate sentence of three years actual incarceration for firearms specifications in addition to two consecutive 7-25 year terms. The convictions were affirmed in separate appeals and the Supreme Court of Ohio declined review.
 
 
 4
 In 1993, Billups filed a Sec. 2254 action in which he challenged the convictions on claims centered around alleged state and federal speedy trial violations. The matter was referred to a magistrate judge who conducted an evidentiary hearing and concluded that the petition should be denied. The district court adopted the recommendation over Billups's objections and this appeal followed. The parties have briefed the issues; Billups is proceeding without benefit of counsel.
 
 
 5
 Billups was originally indicted for his part in three distinct criminal episodes which occurred near Columbus, Ohio, during the weekend of Sunday, January 17, 1988. He was charged inter alia with aggravated robbery, aggravated burglary, kidnapping, receiving stolen property and carrying a concealed weapon. Billups presented an alibi defense at his first trial. As part of this defense, two students testified that Billups spent one or more weekends with them in January 1988 at Central State University near Xenia, Ohio, but could not recall whether Billups was with them the weekend of January 17-18, 1988.
 
 
 6
 Billups won retrial of all charges on appeal by order of June 26, 1990. The counts were then separated so that three different juries heard different parts of the cases against Billups. The first of these retrials began on November 27, 1990. On retrial, the two Central State students were unavailable to testify, apparently having been called to serve in the armed services during the Persian Gulf conflict. Their testimony from the first trial, however, was read in its entirety to the juries. All three juries eventually returned guilty verdicts.
 
 
 7
 On appeal, Billups argued that he had been denied his state and federal constitutional right to a speedy trial. The Ohio appellate courts rejected these claims and the Supreme Court of Ohio declined further review.
 
 
 8
 Billups's Sec. 2254 petition contains two grounds for relief. First Billups contends that he was denied his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and the Ohio Constitution. Billups's also seeks habeas corpus relief for having been denied "due process and equal protection when the delay violated Ohio statutory speedy trial guidelines."
 
 
 9
 The case was referred to a magistrate judge. The magistrate conducted a hearing at which Billups's testimony was the only evidence to be offered. He represented, in relevant part, that the excessive delay before the start of his retrial meant that his alibi witnesses would not be available to testify and, unlike the first trial, at least one of them would be able to substantiate that he was at a Xenia grocery store on the date in question. The magistrate judge ultimately concluded that Billups had established most of the elements of a federal constitutional speedy trial claim except for the prejudice factor. The magistrate judge consequently recommended that the petition be dismissed, and the district court adopted this recommendation.
 
 
 10
 This court reviews de novo a district court's decision to dismiss a Sec. 2254 petition. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). The focus of Sec. 2254 review is whether there was a fundamentally unfair trial or proceeding which resulted in the unjust confinement of the petitioner. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994).
 
 
 11
 We conclude that Billups's constitutional speedy trial claim was properly rejected by the district court for the reasons stated. We also agree that the claim based on a violation of Ohio's statutory speedy trial requirement was not cognizable in this forum and meritless under any construction.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation