76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lloyd William CHENE, Petitioner-Appellant,
v.
Joseph ABRAMAJTYS, Respondent-Appellee.
 No. 95-1491.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1996.
 
 1
 Before: MARTIN and RYAN, Circuit Judges; and KATZ, District Judge.*
 
 ORDER
 
 2
 Lloyd William Chene, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On February 15, 1989, the second day of his jury trial, Chene pleaded nolo contendere to an amended charge of manslaughter through intentionally aiming a firearm without malice. In return, the state dismissed charges of open murder, felony firearm, and habitual offender. Chene subsequently moved to withdraw his plea, but the trial court denied the motion following a hearing held on March 31, 1989, and sentenced him to five to fifteen years in prison. The Michigan Court of Appeals affirmed Chene's conviction and sentence in an opinion issued on April 13, 1990, and the Michigan Supreme Court denied leave to further appeal. Chene's first federal habeas corpus petition was dismissed without prejudice on January 7, 1994, for failure to exhaust state court remedies as to one of the issues presented.
 
 
 4
 In his present petition, Chene raised one ground for relief: whether the trial court erred in not applying the "great liberality" standard and denying his motion to withdraw his no contest plea based upon "non-frivolous claims of innocence and involuntariness due to severe pain and drug intoxication." Chene further argued in his supporting brief that jail officials had withheld his pain medication, violating the Eighth Amendment and contributing to his guilty plea, and that new evidence demonstrated his innocence. A magistrate judge recommended that Chene's petition be denied in a report filed on August 31, 1994, after concluding that the "great liberality" standard was an issue of state law not cognizable in a federal habeas corpus proceeding, the Eighth Amendment claim must be brought in a civil rights action under 42 U.S.C. § 1983, and the record established that Chene's nolo contendere plea was knowing and voluntary. The district court overruled Chene's objections, adopted the magistrate judge's report, and dismissed the petition in an opinion and judgment entered on April 14, 1995.
 
 
 5
 On appeal, Chene argues that the district court erred in failing to hold an evidentiary hearing as to his medical condition at the time of his no contest plea and in believing that he was trying to assert a § 1983 issue. He raises the additional issues of ineffective assistance of trial and appellate counsel, and the prosecution's failure to disclose relevant exculpatory evidence.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated by the district court. A writ of habeas corpus may issue to correct a fundamentally fair trial or proceeding resulting in the unjust confinement of the petitioner. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). The record before the court does not meet that standard.
 
 
 7
 Chene did not present his issues relating to ineffective assistance of counsel and failure to disclose to the district court. Because no exceptional circumstances are present, we do not address this issue, which was not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994).
 
 
 8
 Chene does not raise on appeal his issue relying upon Michigan's standard of considering non-frivolous, pre-sentencing motions to withdraw guilty pleas made prior to trial with great liberality. Accordingly, that issue is considered abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In any event, the district court properly rejected it as an issue of state law only.
 
 
 9
 The district court did not err in failing to hold an evidentiary hearing as to the circumstances, including Chene's medical condition, surrounding his no contest plea. An evidentiary hearing in the district court is not required unless one of the eight circumstances listed in 28 U.S.C. § 2254(d) is present, as shown by the petitioner, admitted by the state, or as otherwise appears from the record. McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987). Chene has failed to make the required showing. Chene did receive a hearing in state court on his motion to withdraw his no contest plea during which he had the opportunity to present any evidence he had to support his motion. It is abundantly clear from the record that Chene's nolo contendere plea was knowingly, voluntarily, and intelligently entered as determined from the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).
 
 
 10
 Finally, the district court did not err in construing Chene's pro se petition liberally as attempting to raise a civil rights claim for inadequate medical care. The court also considered the issue for the purpose asserted by Chene--as evidence to support his claim that his nolo contendere plea was involuntarily given--and found it to be meritless.
 
 
 11
 Accordingly, the district court's judgment, entered on April 14, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation