77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd E. BROWN, Petitioner-Appellant,
v.
Fred McANINCH, Warden, Respondent-Appellee.
 No. 95-3185.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1996.
 
 Before: MERRITT, Chief Judge; CONTIE and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Floyd E. Brown appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Brown was convicted of sexual battery and rape, violations of Ohio Rev.Code §§ 2907.02 and 2907.03. He is now serving an aggregate term of 8 to 25 years of imprisonment. His convictions and sentence were affirmed by the Ohio Court of Appeals, and the Ohio Supreme Court declined further review.
 
 
 3
 Brown raised four claims in his current habeas corpus petition: 1) the trial court should have conducted an in camera inspection of the victim's prior statements and grand jury testimony; 2) there was insufficient evidence to establish his guilt; 3) his convictions were against the manifest weight of the evidence; and 4) the investigating officers did not provide a rape kit to the examining physician and did not take custody of a motile sperm sample.
 
 
 4
 The district court denied the petition and dismissed the case on February 10, 1995. The court found that Brown had procedurally defaulted on his first three claims, and that his remaining claim failed on the merits. Brown's motion for reconsideration was denied on March 15, 1995, and he now appeals moving for the appointment of counsel.
 
 
 5
 We review the denial of Brown's habeas corpus petition de novo. See Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). The district court's factual findings are examined for clear error, and the factual findings of the state courts are generally presumed to be correct under 28 U.S.C. § 2254(d). Id. Brown must establish actual prejudice to obtain federal habeas corpus relief, and an error may be considered harmless if it did not have a "substantial and injurious effect or influence" in determining his verdict. See id. (quoting Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993)).
 
 
 6
 Initially, we note that Brown has abandoned three of his claims by failing to raise them in his appellate brief. Thus, we will not review Brown's allegations that the trial court should have made an in camera inspection of the victim's statements, that there was insufficient evidence or that his convictions were against the manifest weight of the evidence. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 In his remaining claim, Brown argues that the investigating officers did not preserve exculpatory evidence because they did not provide the victim's examining physician with a rape kit and because they did not take custody of a slide containing a motile sperm sample that had been collected from the victim more than 24 hours after the alleged battery. The duty to preserve evidence is limited to evidence that might be expected to be significant to the defense. The "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984). Moreover, the failure of law enforcement officers to preserve evidence that may be favorable to the defense does not rise to the level of a constitutional violation unless the officers acted in bad faith. Arizona v. Youngblood, 488 U.S. 51, 57 (1988).
 
 
 8
 The district court properly found that Brown's claim lacked merit because the disputed evidence may not have been exculpatory and because Brown was able to establish that motile sperm was found during the victim's examination through the testimony of the examining physician. See Ford v. Seabold, 841 F.2d 677, 693 (6th Cir.), cert. denied, 488 U.S. 928 (1988). The defense also elicited expert testimony which indicated that it was unlikely that sperm would retain its motility for 24 hours. Hence, Brown was able to present his defense through the testimonial evidence, even though the sperm sample had not been preserved. Brown now argues that the failure to provide a rape kit was purposeful, rather than negligent. However, the state courts found that the investigating officers' actions had not been taken in bad faith and the district court properly deferred to this finding. Thus, Brown's claim is also unavailing because he did not show that the investigating officers acted in bad faith. See id.
 
 
 9
 Finally, Brown argues that the failure to preserve the allegedly exculpatory evidence violated his rights under the Ohio Constitution. This claim was not clearly raised in Brown's habeas corpus petition, and we will not consider it for the first time on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 10
 Accordingly, Brown's motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.