82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter E. ANTHONY, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 95-1442.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1996.
 
 1
 Before: NELSON and RYAN, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Walter E. Anthony, proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In March of 1988, a Michigan jury found Anthony guilty of first degree premeditated murder in violation of Mich.Comp.Laws § 750.316. Anthony was sentenced to life in prison. The Michigan Court of Appeals affirmed the conviction on direct appeal, and the Michigan Supreme Court denied Anthony's delayed application for leave to appeal.
 
 
 4
 In December of 1993, Anthony filed this federal petition for a writ of habeas corpus, raising the following six grounds in support: 1) he was denied a fair trial when the jury was given several erroneous instructions; 2) the prosecution made several comments during the trial that denied him a fair trial and due process; 3) the trial court admitted hearsay testimony in violation of Michigan law and in violation of his constitutional rights under the Confrontation Clause; 4) he was provided ineffective assistance of counsel; 5) the jury was given "unduly prejudicial information" surrounding an alleged assault by Anthony on his girlfriend and his involvement in selling illegal drugs; and 6) he was denied due process and a fair trial by the cumulative effect of all these errors. The district court reviewed each of these claims and determined that none of them had merit. Accordingly, the district court denied the petition for a writ of habeas corpus.
 
 
 5
 On appeal, Anthony raises the same arguments that he raised before the district court, and has added a seventh argument that he was denied due process of law because the prosecutor allegedly failed to disclose to the defense that a co-defendant had pled guilty and made a statement to the prosecution exonerating the petitioner. Because Anthony did not first present this additional argument to the district court, it will not be considered, on appeal. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994); Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Anthony also moves this court for the appointment of counsel on appeal.
 
 
 6
 The district court properly dismissed Anthony's petition because Anthony has failed to show that he received a fundamentally unfair trial or proceeding resulting in his unjust confinement. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994).
 
 
 7
 It was not necessary to instruct the jury on the lesser included offense of voluntary manslaughter, because the evidence did not warrant a finding of guilt on this lesser included offense and an acquittal on the offense of first degree murder. United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 8
 Anthony is barred from raising his other jury instruction claims in federal court, because he procedurally defaulted on these issues in the Michigan state courts. Moreover, Anthony did not show cause to excuse his failure to present these claims in state court and actual prejudice to his defense at trial or on appeal, so that this court may consider these claims upon federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989).
 
 
 9
 Anthony is also barred from raising his prosecutorial misconduct claims. Anthony claimed that the prosecution: 1) improperly removed from the jury its responsibility to determine Anthony's guilt; 2) mischaracterized certain evidence; and 3) vouched for the credibility of a key witness for the prosecution. Under state law, Anthony waived his right to further challenge the prosecutor's conduct in state court when he did not object to any of these actions or comments during the trial. As with his jury instruction claims, Anthony has failed to show cause to excuse his failure to raise these claims in state court or prejudice to his defense.
 
 
 10
 Anthony was not prejudiced when the trial court allowed the testimony of Patriece Christian regarding a statement made by a co-defendant in the case. Hearsay testimony concerning a statement by a non-testifying co-defendant that clearly implicates the defendant may not be admitted against the defendant, as this would violate his right to confront the witnesses against him. Richardson v. Marsh, 481 U.S. 200, 208 (1987); Lee v. Illinois, 476 U.S. 530, 539-47 (1986). However, we conclude that the Michigan Court of Appeals properly found this testimony admissible as a declaration against penal interest, without violating Anthony's rights under the Confrontation Clause. Anthony was not denied effective assistance of counsel. He has not shown that his counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 11
 Because the evidence of Anthony's guilt was overwhelming, the trial court's admission of evidence surrounding prior bad acts did not have a "substantial and injurious effect or influence in determining the jury's verdict." Clemmons, 34 F.2d at 356 (quoting Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993)). Therefore, habeas relief is not warranted in this case, because the state court's evidentiary ruling did not render Anthony's trial fundamentally unfair. Walker v. Engle, 703 F.2d 959, 962 (6th Cir.), cert. denied, 464 U.S. 962 (1983).
 
 
 12
 The cumulative effect of the alleged errors was not prejudicial so that Anthony was denied due process of law and a fair trial. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988); Walker v. Engle, 703 F.2d 959, 968 (6th Cir.), cert. denied, 464 U.S. 951, and cert. denied, 464 U.S. 962 (1983). Because most of Anthony's claims are procedurally barred from federal habeas review and the remaining claims have no merit, the petitioner's cumulative effect argument does not support habeas relief. Derden v. McNeel, 978 F.2d 1453, 1458 (5th Cir.1992) (en banc), cert. denied, 113 S.Ct. 2928 (1993); United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir.1990).
 
 
 13
 Accordingly, Anthony's motion for the appointment of counsel is denied and the district court's order denying the petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation