89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Bradford OWENS, Petitioner-Appellant,
v.
Steve BERRY, Warden, Respondent-Appellee.
 No. 95-6330.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1996.
 
 Before: WELLFORD, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Charles Bradford Owens, a pro se Kentucky prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Owens was indicted and subsequently convicted on a plea of guilty to three counts of first degree rape, one count of first degree sodomy, three counts of first degree robbery, three counts of first degree burglary, one count of possession of burglary tools, and one count of resisting arrest. These offenses could have resulted in a total of two hundred years in prison. However, according to the plea bargain, the Commonwealth recommended that all of the sentences run concurrent for a total of twenty years. At the sentencing, the trial court rejected the Commonwealth's recommendation and sentenced Owens to three consecutive twenty-year sentences for a total of sixty years in prison.
 
 
 3
 On April 30, 1991, Owens filed a motion to vacate, set aside or correct his sentence pursuant to Ky.R.Crim.P. 11.42 (RCr 11.42 motion). The Jefferson Circuit Court denied the motion. After an appeal to the Kentucky Court of Appeals, the case was remanded to the Jefferson Circuit Court for an evidentiary hearing on the question of whether or not Owens was accurately advised as to the maximum possible sentence.
 
 
 4
 On April 21, 1993, an evidentiary hearing was held. On April 30, 1993, the trial court entered an order denying Owens's RCr 11.42 motion. On December 16, 1994, the Kentucky Court of Appeals affirmed the orders of the Jefferson Circuit Court. The Kentucky Supreme Court denied Owens's request for enlargement of time to file a motion for discretionary review.
 
 
 5
 Thereafter, Owens filed the present petition for a writ of habeas corpus claiming that it was improper for him to be sentenced to any more than twenty years total. The district court denied the petition in a memorandum opinion and order entered July 14, 1995. Owens's motion to reconsider was denied in an order entered September 11, 1995. This timely appeal followed.
 
 
 6
 Upon review, we conclude that the district court properly denied Owens's petition for a writ of habeas corpus because Owens has not shown that the proceedings against him were fundamentally unfair. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). The state court has made factual findings, fully supported by evidence, establishing that Owens was fully advised of the law and the facts, and that he made a rational and voluntary decision in pleading guilty. This court must give complete deference to state court findings of fact that are supported by the evidence of record. See 28 U.S.C. § 2254(d); Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam). Owens has not submitted any evidence to discredit the state court's findings of fact.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.