92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert Allen HIGHTOWER, Petitioner-Appellant,
v.
Billy ASHLEY, Warden, Respondent-Appellee.
 No. 95-6376.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1996.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Albert Allen Hightower, proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In June of 1979, Hightower pleaded guilty to the charge of possession of LSD for purposes of sale, and was sentenced to five years in prison. In 1990, a Kentucky jury convicted him of two counts of trafficking in cocaine and for being a first degree persistent felony offender (PFO). The jury sentenced him to twelve years in prison, based on the PFO conviction. The conviction and sentence were affirmed on appeal. In 1992, Hightower filed two separate motions under Ky.R.Crim.P. 11.42, attacking the 1979 and 1990 convictions. The trial court denied these motions and Hightower appealed only the denial of his Rule 11.42 motion attacking the 1979 conviction. The Kentucky Court of Appeals affirmed the decision to deny that motion and the Kentucky Supreme Court denied discretionary review.
 
 
 4
 In 1994, Hightower filed this federal petition for a writ of habeas corpus, raising the following claims: (1) his guilty plea in 1979 was not made voluntarily and intelligently; (2) he was provided ineffective assistance of counsel before pleading guilty in 1979; (3) he was denied due process when the trial court did not appoint him counsel or grant him an evidentiary hearing on his Rule 11.42 motion; and (4) he was erroneously sentenced as a first degree PFO, under Kentucky law.
 
 
 5
 A magistrate judge reviewed each of these claims on the merits, and determined that they did not support a grant of habeas relief. The district court considered Hightower's objections to the report, but adopted the report in its entirety and dismissed the petition. On appeal, Hightower repeats the arguments raised in his objections to the magistrate judge's report. Hightower has also filed a motion for the appointment of counsel on appeal.
 
 
 6
 Hightower objected only to the magistrate judge's finding that his PFO sentencing claim did not arise to a constitutional dimension, and, thus, was not cognizable in this federal habeas matter. Therefore, Hightower has preserved only that issue for appellate review. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981).
 
 
 7
 Hightower is not entitled to habeas relief, because he has not shown that he was given a fundamentally unfair trial or proceeding resulting in his unjust confinement. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). There is no merit to Hightower's claim that the trial court erred when it sentenced him for the PFO conviction without first imposing a sentence for the underlying drug trafficking offenses. This claim, based on state procedural law, does not rise to a constitutional dimension cognizable upon federal habeas review, because Hightower has not shown that, as a result of the alleged error, he was denied fundamental fairness in the trial process. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994).
 
 
 8
 Accordingly, Hightower's motion for counsel is denied, and the district court's order dismissing the petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation