94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred P. JOSEPH, Petitioner-Appellant,
v.
PAROLE BOARD OF STATE OF KENTUCKY, Respondent-Appellee.
 No. 95-6337.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: CONTIE, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Fred P. Joseph appeals a district court order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1980, Joseph pleaded guilty to conspiracy to commit murder, possession of gambling records, and theft over $100 and he was sentenced to twenty-seven years of imprisonment. In April 1990, the Kentucky Parole Board granted Joseph parole. While on parole, Joseph was arrested and charged with committing a federal crime. In November 1992, Joseph was found guilty of this federal charge and sentenced to two years of imprisonment. In May 1994, Joseph completed service of his federal sentence and he was transferred to the custody of the Kentucky Department of Corrections, which had placed a detainer with federal authorities for Joseph based on a parole violator's warrant. In July 1994, the Kentucky Parole Board revoked Joseph's parole without providing him an opportunity to present any mitigating evidence.
 
 
 3
 In August 1994, Joseph filed a state petition for writ of habeas corpus, alleging that the Kentucky Parole Board violated his constitutional rights in revoking his parole. The trial court denied his petition, and the Kentucky Court of Appeals affirmed that decision. The Kentucky Supreme Court refused to file Joseph's motion for discretionary review because the motion was untimely.
 
 
 4
 Joseph then filed his petition for a writ of habeas corpus in federal court, alleging that: 1) he did not have a preliminary parole revocation hearing; 2) his final parole revocation hearing was untimely and violated the Ex Post Facto Clause; and 3) the Kentucky Parole Board did not provide him with a full and fair opportunity to present mitigating evidence at his final parole revocation hearing. Over Joseph's objections, the district court adopted the magistrate judge's report and recommendation and dismissed Joseph's habeas petition as meritless. Joseph has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Joseph's habeas petition as meritless. This court reviews de novo a district court's conclusion of law and mixed questions of law and fact and reviews the district court's findings of fact for clear error. See Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). The writ of habeas corpus may issue to correct a fundamentally unfair proceeding resulting in the unjust confinement of the petitioner. Id. at 356.
 
 
 6
 We initially note that, although Joseph argues on appeal that his parole revocation violated the Ex Post Facto Clause, he did not raise this argument in his objections to the magistrate judge's report and recommendation and, consequently, he has waived review of that claim. See Thomas v. Arn, 474 U.S. 140, 155 (1985). Further, Joseph does not argue on appeal that the respondent did not provide him with a timely final parole revocation hearing and, therefore, this claim is considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 Joseph's remaining arguments that the respondent violated his due process rights by not providing him with a preliminary parole revocation hearing and by not providing him with an opportunity to present mitigating evidence at the final revocation hearing are without merit. Since it was undisputed that Joseph committed a crime while on parole, due process did not require the respondent to hold a parole revocation hearing or provide Joseph with an opportunity to present mitigating evidence at such a hearing. Sneed v. Donahue, 993 F.2d 1239, 1243-44 (6th Cir.1993).
 
 
 8
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.