**Kenneth CLEMMONS, Petitioner–Appellant,**

**v.**

**Dewey SOWDERS, Warden, Respondent–Appellee.**

No. 93–5825.

United States Court of Appeals, Sixth Circuit.

Submitted March 25, 1994.

Decided Aug. 26, 1994.

Kenneth Clemmons, pro se.

Samuel J. Floyd, Jr., Asst. Atty. Gen., Frankfort, KY (briefed), for respondent-appellee.

Before: RYAN and NORRIS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge.

Petitioner pro se, Kenneth Clemmons, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on November 9, 1992. The district court, adopting the magistrate's findings of fact and conclusions of law, dismissed the petition. Clemmons now appeals that order.

In the spring of 1990, a Woodford County, Kentucky jury convicted Clemmons of first degree burglary and theft over $100, and found him to be a first degree persistent felony offender. The court sentenced Clemmons to over twenty years imprisonment in July, 1990. Clemmons lost his direct appeal and presented the identical claims in his habeas corpus petition.

Clemmons's convictions stem from a July 23, 1989 theft of firearms from the residence of Michael Cline, farm manager of Lane's End Farm in Woodford County, Kentucky. Kenneth Clemmons and his brother, James Clemmons, were both found guilty of the substantive burglary and theft charges, though only Kenneth was found to be a persistent felony offender. Witnesses at trial testified that the brothers sold the stolen firearms to drug dealers for cash and cocaine.

On appeal, Clemmons challenges the denial of his petition for writ of habeas corpus by raising seven assignments of evidentiary and procedural error. We find none of his arguments to be well taken.

■ State prisoners, such as Clemmons, may file a 28 U.S.C. § 2254 petition for writ of habeas corpus to challenge the constitutionality of their state court convictions, after exhausting all available state court remedies. 28 U.S.C. § 2254(a)-(c). We review de novo denials of petitions for writs of habeas corpus. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993); Levine v. Torvik, 986 F.2d 1506, 1512 (6th Cir.), cert. denied, — U.S. —, 113 S.Ct. 3001, 125 L.Ed.2d 694 (1993). As always, we review federal district court findings of fact for clear error. Carter v. Sowders, 5 F.3d at 978. Pursuant to the 28 U.S.C. § 2254(d) presumption of correctness,

we give complete deference to district and state court findings supported by the evidence. Sumner v. Mata, 455 U.S. 591, 597, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982); Carter v. Sowders, 5 F.3d at 978. To obtain habeas corpus relief, the petitioner must establish "actual prejudice". Brecht v. Abrahamson, — U.S. —, —, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353, reh'g denied, — U.S. —, 113 S.Ct. 2951, 124 L.Ed.2d 698 (1993). Though a petitioner must establish a constitutional error to obtain habeas relief, a constitutional error is deemed harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, — U.S. at —, 113 S.Ct. at 1722.

## I.

Petitioner first charges that the district court erred by failing to find the trial court improperly coerced him into waiving an order for mistrial in violation of due process.

Clemmons asserts that during voir dire, the prosecutor improperly told the prospective jurors that two government witnesses, who had participated in the charged crimes with defendant, pled guilty and would testify against defendant. Upon motion of defense counsel, the trial court granted a mistrial. Because of scheduling difficulties, the trial could not be rescheduled for approximately six months. Facing the prospect of jail time without bond pending trial, defendant elected to waive the mistrial order and go forward. Thus, upon motion of defense counsel, the trial court set aside the mistrial order and proceeded. In exchange, petitioner agreed not to raise this issue on appeal. Petitioner now argues, however, that the court coerced him into going forward with threats to increase his brother's jail time and threats to withhold his own bond. The petitioner relies on Parido v. Commonwealth of Kentucky, 547 S.W.2d 125 (Ky.1977) for the proposition that a mistrial was compulsory in this situation. The district court, in denying the petition for writ of habeas corpus relief, did not find this argument well taken.

■ Mistrial motions "must be granted only upon a showing of 'manifest necessity.'"

*United States v. Atisha,* 804 F.2d 920, 926 (6th Cir.1986), *cert. denied,* 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987). Otherwise, the district court has the discretion to grant or deny a motion for mistrial. *United States v. Atisha,* 804 F.2d at 926. This court must thus determine whether the trial court abused its discretion by failing to grant a mistrial. *United States v. Atisha,* 804 F.2d at 926.

■ As there is no evidence that the trial court abused its discretion, we find this argument to be without merit. On direct appeal, the state supreme court found that Clemmons did not want a six month delay for his trial and, after extensive consultation with counsel, waived the court's mistrial order. The state supreme court further found, and the record supports, that the trial court played a proper neutral role during discussions on this topic and exerted no coercion on defendant.

## II.

Related to the first assigned error is the petitioner's presentation of three purported juror-based errors. Petitioner charges: 1) the district court erroneously failed to find the trial court incorrectly prohibited his impeachment of the jury's verdict based upon juror incompetence; 2) the district court erred by finding the trial court did not abuse its discretion in excusing a prospective juror for cause; and 3) the district court erred by holding the trial court did not abuse its discretion by disallowing jurors to take notes into the jury room during deliberations.

Yielding a jury verdict via a petition for habeas corpus relief, as has already been noted, requires a finding of a constitutional error with a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* — U.S. —, at —, 113 S.Ct. 1710 at 1722.

■ Regarding juror misconduct specifically, only conduct that deprives defendant of a fair and impartial trial warrants habeas relief. *Monroe v. Collins,* 951 F.2d 49, 51–52 (5th Cir.1992).

### A.

■■ Competency to sit on a jury is a determination within the broad discretion of the trial court and will be tampered with only upon finding an abuse of that discretion. *United States v. Berryhill,* 880 F.2d 275, 279 (10th Cir.1989), *cert. denied,* 493 U.S. 1049, 110 S.Ct. 853, 107 L.Ed.2d 846 (1990); *United States v. Rodriguez,* 573 F.2d 330, 332 (5th Cir.1978). *See United States v. Ramos,* 861 F.2d 461, 466 (6th Cir.1988), *cert. denied,* 490 U.S. 1011, 109 S.Ct. 1653, 104 L.Ed.2d 167 (1989). When the possibility of juror incompetence comes to the court's attention, but the juror's disability is not obvious, the court is obliged only to conduct some hearing or inquiry. *United States v. Fajardo,* 787 F.2d 1523, 1525 (11th Cir.1986).

■ Early in the sentencing phase of the trial, a juror interrupted the prosecutor's opening statement and sought to speak to the trial judge privately in chambers. The judge agreed, and the juror confided to the judge that he was unsure of the guilty verdict due to stress he was experiencing as a result of the serious illnesses of an uncle and sister. The judge asked the juror whether he would have voted against conviction absent the stress and the juror indicated he would not have. A defense poll of the jury at the conclusion of the guilt phase of the trial affirmed the unanimity of the verdict.

Respectful of the juror's distress, the court postponed the sentencing phase for some weeks and, upon re-initiation, asked the juror if he felt able to go forward. The juror told the court that he had consulted a doctor regarding his nervousness and felt fine. The court proceeded with the sentencing phase. Petitioner now charges that the court should have investigated the juror's competence more thoroughly before proceeding.

■■ Mindful of the juror's emotional state, the court conducted an informal hearing/interview. The transcript of the interview suggests that the juror did not believe he had come to the wrong decision in voting to convict Clemmons, but that he did not feel he could continue through the sentencing phase. As a result, the court continued the case and postponed the sentencing phase for

a few weeks. Before proceeding on the new date, the court again talked to the juror, who assured the court that he had consulted a doctor and felt well enough to continue. There is no evidence in the record to refute the juror's statements to the court that he was able to listen to and fairly consider the evidence adduced at trial. The trial court has discretion to question a juror whose qualifications have been called into doubt during trial in order to resolve the problem and ensure a fair and competent jury. *United States v. Campbell,* 845 F.2d 782, 785, (8th Cir.), *cert. denied,* 488 U.S. 965, 109 S.Ct. 490, 102 L.Ed.2d 527 (1988). A court is not obliged to excuse a juror where there is no evidence the juror's anxiety rendered him incompetent to understand the issues and deliberate. *United States v. Marchant,* 774 F.2d 888, 894–895 (8th Cir.1985), *cert. denied,* 475 U.S. 1012, 106 S.Ct. 1190, 89 L.Ed.2d 305 (1986). Thus, this assigned error is meritless.

### B.

■ Excusing a prospective juror for cause is within the trial court's broad discretion and the determination will not be reversed absent a manifest abuse of discretion. *Poynter v. Ratcliff,* 874 F.2d 219, 222 (4th Cir.1989); *United States v. Huddleston,* 810 F.2d 751, 753 (8th Cir.1987), *United States v. Giacalone,* 588 F.2d 1158, 1163 (6th Cir. 1978), *cert. denied,* 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1045 (1979).

■ Lamenting the trial court's failure to follow the appropriate statutory procedures in selecting the jury, petitioner specifically takes issue with the court's removal of a juror for cause after completion of jury selection, but before the jury was sworn.

Just as a fifteen juror panel was announced, the court explained to counsel that 29 qualified jurors were mistakenly listed prior to preemptory challenges. Kentucky R.Cr. 9.36 requires no more than 28 qualified jurors be listed (14 to be seated and 14 preempted) and specifies that a random draw be held to eliminate excess jurors. The court, however, realized that it had overlooked a business conflict previously listed by a juror and, on that basis, excused that juror for cause.

Keeping the court's predicament in mind, defense counsel objected only to the court's failure to conduct a random draw, but explicitly declined to object to the removal of the juror. The trial court indicated that had counsel objected to the excusal of the juror, it would have conducted a random draw. The Kentucky supreme court rejected this challenge on direct appeal, finding no clear error. The magistrate and district court found no constitutional defect in this claim which would warrant habeas relief. To warrant habeas relief, there must be an error which results "in the denial of fundamental fairness, thereby violating due process." *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir.1988). As this is not the case here, this assigned error fails.

### C.

■ Opining that because the trial judge allowed jurors to take notes during trial he wrongfully misled the jurors into thinking they could rely on them during deliberations, petitioner avers that the district court erred by holding the trial court did not abuse its discretion by disallowing jurors from taking notes into the jury room during deliberations. The record reveals, however, that it was defense counsel who passed notebooks out to jurors to encourage their note taking during trial.

Vexed, the court admonished defense counsel, in front of the jury, that he should not have passed out the notebooks. Though Kentucky R.Cr. 9.72 permits jurors to take notes during trial, the Kentucky supreme court found the district court's refusal to permit the notes to be taken into deliberations did not rise to the level of a violation of state law. The district court likewise found it did not rise to the level of a federal constitutional violation denying petitioner fundamental fairness or due process. *See Cooper v. Sowders,* 837 F.2d at 286.

Allowing jurors to take notes during trial and to use in deliberations is within a trial court's sound discretion. *United States v. Johnson,* 584 F.2d 148, 157–158 (6th Cir. 1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1239, 59 L.Ed.2d 469 (1979) (Trial court

found not to have abused discretion by permitting jurors to take and use notes even though notetaking did not commence until after the trial had begun). There is no authority, however, which makes it, by itself, an abuse of discretion for a court to permit jurors to take notes for their personal use during trial, but to forbid their use during deliberations. Jurors' personal notes are not evidence, and accordingly are not required for deliberations. *See United States v. Polowichak*, 783 F.2d 410, 413 (4th Cir.1986). On the contrary, it has been established that by allowing notes into deliberations, the court is permitting the best notetaker to dominate the deliberative process and thereby putting too much emphasis on the notes to the detriment of the independent recollections of all of the jurors. *United States v. Maclean*, 578 F.2d 64, 66 (3rd Cir.1978). In the instant case, we find no abuse of discretion to warrant a reversal of the court's determination. This assigned error fails.

### III.

 Clemmons charges the district court erred by permitting the prosecution to reopen its case to present a witness whose testimony the court determined did not warrant fifth amendment protection.

Kenneth Allen Jones, witness for the government, testified after the prosecution had rested its case-in-chief. Petitioner challenges the trial court's decision to allow the prosecutor to reopen the case-in-chief to examine witness Jones. During the prosecution's case-in-chief, Jones declined to testify by invoking his fifth amendment right to silence. The court called the witness and counsel into chambers to determine whether Jones's testimony would be incriminating and thus warrant fifth amendment protection. The testimony established only that petitioner told him he stole guns from Lane's End Farm. As the statement in no way incriminated the witness, the court ordered him to testify, with a threat to hold him in contempt and sentence him to six months imprisonment for failure to obey. After a weekend delay for Jones to consult his attorney and family, the court reopened the prosecutor's case and the witness testified. Petitioner

claims the trial court erroneously permitted the prosecutor's case-in-chief to be reopened and unduly pressured the witness into testifying against his will.

The district court and magistrate found this claim to be without constitutional merit because the petitioner failed to allege prejudice from the court's action. The district court further found Clemmons's allegations that his counsel was not prepared for the reopening of the case and resultant examination of Jones are meritless as the witness had taken the stand during the original case-in-chief and defense counsel would have been prepared at that time to cross examine him. The district court and the Kentucky supreme court found no state law violation. Without a finding of a fundamentally unfair trial in violation of due process, and no allegations by the petitioner of actual prejudice, we likewise find no merit to this claim. *See Cooper v. Sowders*, 837 F.2d at 286.

### IV.

In his next three assigned errors, petitioner raises issues concerning the admission of evidence. The petitioner specifically alleges that: 1) the district court erroneously found the trial court's admission of his unsigned written statement to police was harmless error; 2) the district court erroneously failed to find the trial court incorrectly refused to admit defendant's proffered handwriting samples; and 3) the district court failed to find the trial court erred by allowing the prosecution to personally admit evidence and testify regarding petitioner's previous convictions in violation of the rules for admission of public/business records.

 Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation. *Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir.1985), *cert. denied*, 478 U.S. 1020, 106 S.Ct. 3334, 92 L.Ed.2d 739 (1986). We must evaluate whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, — U.S. at ——, 113 S.Ct. at 1722. The petitioner must establish "actual prejudice"

to warrant *habeas* relief. *Brecht v. Abrahamson,* —— U.S. at ——, 113 S.Ct. at 1722.

## A.

 Petitioner challenges the trial court's failure to suppress a written statement that he purportedly dictated to the Woodford County Sheriff and his deputy on September 27, 1989. Upon arrest, the petitioner signed a waiver of his Miranda rights and volunteered a statement in which he admitted that he, and his brother James Clemmons, possessed weapons stolen in the burglary at Lane's End Farm, which they sold for money and cocaine. Petitioner refused to sign the statement, but the sheriff and deputy signed as witnesses. The trial court, nonetheless, found that petitioner made the statement and admitted the written statement into evidence in the context of the examination and cross examination of the sheriff and deputy. The Kentucky supreme court found the admission of a written transcript of the statement to be harmless error because all of the evidence contained in the transcript was testified to orally by police officers who were examined and cross examined at trial. The district court also found the trial court's error harmless in the face of the overwhelming evidence of petitioner's guilt.

The petitioner had full opportunity to cross examine all witnesses testifying about the statement. Further, all of the evidence contained in the written document was duplicated orally at trial. Finally, there was more than sufficient other evidence of guilt to convict Clemmons. Thus, it seems Clemmons failed to demonstrate a constitutional violation and suffered no actual prejudice. Accordingly, this assignment of error fails.

## B.

 Petitioner next complains the trial court erroneously refused admission of his own handwriting samples. He sought to introduce the samples to resolve the dispute over whether he signed the form voluntarily waiving his Miranda rights. The dispute focused on petitioner's wife's testimony that the signature on the waiver form was not petitioner's. In support of his wife's contention, petitioner wished to admit a license and notarized statement, attesting to his signature, dated prior to September 27, 1989. The trial court, however, found that pursuant to state law, absent testimony by the notary, the exemplars were inadmissible.

The Kentucky supreme court held the trial court erred, though harmlessly, by failing to admit this evidence. The district court found no constitutional deprivation because it was an issue of fact whether the signature was his, properly resolved by the jury. The district court found, and this court agrees, that the error did not result in a denial of fundamental fairness or due process. Fundamental fairness does not require a perfect trial. *Wright v. Dallman,* 999 F.2d 174, 178–79 (6th Cir.1993).

## C.

 Petitioner finally avers that the prosecutor improperly testified to, and personally introduced, records of petitioner's prior convictions. Petitioner believes the prosecutor could only admit such evidence by calling a keeper of the records to identify them. Petitioner also charges that the prosecutor's testimony is improper because he could not be cross examined. The respondent counters that it introduced certified copies of petitioner's criminal convictions and that, as this assignment of error raises no constitutional infirmity, there can be no habeas relief. Petitioner, however, contends that the constitutional issue is the denial of his right to cross examine.

The Kentucky supreme court found the trial court's and prosecutor's procedure for the admission of certified copies of Clemmons's prior conviction judgments was proper. The district court agreed and also found no evidence that the procedure violated Clemmons's right to due process and a fundamentally fair trial. *See Estelle v. McGuire,* 502 U.S. 62, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (Federal habeas relief is not appropriate for errors of state law). We agree.

The judgment of the district court is hereby AFFIRMED.