76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard SENAY, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 95-5483.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1996.
 
 1
 Before: NORRIS and MOORE, Circuit Judges, and MILES, District Judge.*
 
 
 2
 Richard Senay, pro se, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In March of 1984, a Kentucky jury found Senay guilty of first degree burglary, for which he received a sentence of 10 years in prison. The jury also found Senay guilty of being a persistent felony offender (PFO) under Kentucky law, and his sentence was enhanced to 33 years in prison. His conviction was affirmed, and his motions for a new trial and to vacate his judgment were denied.
 
 
 4
 In November of 1993, Senay filed this federal petition for a writ of habeas corpus, raising the following grounds in support: 1) he was denied due process and his right to confront witnesses when the trial court admitted evidence showing that he had committed other crimes; 2) he was substantially prejudiced and denied due process when the jury was informed of a prior vacated conviction during the PFO phase of his trial; 3) he was prejudiced by prosecutorial misconduct when the prosecutor suppressed exculpatory evidence and failed to "correct witness perjury"; and 4) he was provided ineffective assistance of trial counsel. A magistrate judge recommended that summary judgment be granted in favor of the respondent, because there were no genuine issues of material fact. The district court adopted the magistrate judge's Report and Recommendation in its entirety and dismissed the petition on March 21, 1995. On appeal, Senay raises the same arguments raised before the district court, and has added the argument that he has made a "clear showing of cause and prejudice" to excuse his procedural default in state court.
 
 
 5
 The district court properly dismissed Senay's petition because Senay has failed to show that he received a fundamentally unfair trial or proceeding resulting in his unjust confinement. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994).
 
 
 6
 Senay was not denied due process when the trial court allowed a sheriff to testify that Senay had been involved in the commission of prior crimes. This issue, which concerns the admissibility of evidence under Kentucky law, does not rise to a level of constitutional magnitude cognizable in this federal habeas case. Clemmons, 34 F.3d at 357-58; Kelly v. Withrow, 25 F.3d 363, 370 (6th Cir), cert. denied, 115 S.Ct. 674 (1994). A question concerning a perceived error of state law rarely serves as a basis for habeas corpus relief and does so only when the petitioner was denied fundamental fairness in the trial process. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994). Senay has not established that he was denied a fundamentally fair trial.
 
 
 7
 Senay was not prejudiced during the PFO phase of his trial when the jury was mistakenly informed of a prior vacated conviction. The Kentucky Supreme Court specifically found that there was no question that Senay had sufficient felony convictions, without the vacated conviction, to qualify as a first degree persistent felon under Ky.Rev.Stat. § 532.080(3). Such rulings by a state's highest court with respect to state law are binding on this court. Estelle, 502 U.S. at 68; Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam).
 
 
 8
 Senay is now procedurally barred from seeking review of his prosecutorial misconduct and ineffective assistance claims. When a prisoner fails to present all his claims to a state court and is now barred from pursuing relief in that court, a federal court may not consider claims not presented in the state courts unless the prisoner can show cause to excuse his failure to present the claims and actual prejudice to his defense at trial or on appeal. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989). Senay has failed to show cause for his failure to raise the prosecutorial misconduct claims. Even if Senay had presented sufficient cause, Senay suffered no prejudice because these claims are meritless.
 
 
 9
 The prosecutorial misconduct that Senay complains of was not so egregious as to deny him a fundamentally fair trial to support a grant of habeas corpus relief. Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974); Serra, 4 F.3d at 1355. Moreover, Senay has not established that his counsel's performance was deficient or that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 10
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation