76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William H. MORGAN, Petitioner-Appellant,
v.
Carl ANDERSON, Warden, Respondent-Appellee.
 No. 95-3407.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 William H. Morgan, a pro se Ohio prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989 a jury convicted Morgan of aggravated arson. He was sentenced to five to twenty-five years of incarceration. In his direct appeal to the Ohio Court of Appeals, Morgan argued that: 1) the trial court erred by admitting the testimony of his common law wife; 2) the state should not have been permitted to amend the indictment; 3) the trial court erred in refusing to give the jury Morgan's proposed instruction; and 4) the prosecutor engaged in misconduct during closing arguments.
 
 
 4
 On May 30, 1990, the Ohio Court of Appeals affirmed the conviction finding Morgan's arguments to be meritless. On January 11, 1993, Morgan filed a notice of appeal, a motion for leave to file a delayed appeal, and a motion for an extension of time to file a memorandum in support of jurisdiction with the Ohio Supreme Court. Morgan's motions were denied by the Ohio Supreme Court.
 
 
 5
 On September 27, 1994, Morgan filed his petition for habeas relief raising the amended indictment, jury instruction, and prosecutorial misconduct arguments. The case was referred to a magistrate judge who recommended dismissing the petition as meritless because Morgan's arguments were procedurally barred from federal review. Upon de novo review, the district court adopted the magistrate judge's report and dismissed the case.
 
 
 6
 In his timely appeal, Morgan continues to argue the merits of his petition. In addition, Morgan argues that the district court erred by concluding that he was procedurally barred from challenging his convictions.
 
 
 7
 Upon review, we affirm the district court's order because Morgan has failed to show that he received a fundamentally unfair trial resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 8
 The district court erroneously concluded that Morgan was procedurally barred from raising his claims before the federal courts because he failed to file a timely appeal with the Ohio Supreme Court. Under the rules of the Ohio Supreme Court, there is no time limit in which an individual may seek a delayed appeal in a felony case. See Ohio Sup.Ct.Prac.R. II § 2(A)(4). Once a motion for leave to file a delayed appeal is perfected, the Ohio Supreme Court has the option of dismissing the appeal or granting the appeal and addressing the merits of the case. See Ohio Sup.Ct.Prac.R. III § 5(B). As the Ohio Supreme Court was given the opportunity to address the merits of Morgan's appeal, Morgan properly presented his claims to Ohio's highest court. See Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). Thus, Morgan is not procedurally barred from raising his claims in his habeas petition. However, as the district court also chose to address the merits of Morgan's petition, we may affirm the district court on these alternative grounds as Morgan's claims for habeas relief are meritless.
 
 
 9
 Morgan contends that the trial court erred by permitting the prosecution to amend the indictment to include the mens rea requirement of "knowingly." Morgan argues that the amendment violated Ohio law and denied him due process. To the extent that Morgan contends that the trial court violated state law, the argument is not cognizable in this habeas proceeding. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Further, Morgan's due process claim was addressed and rejected by this court in Warner v. Zent, 997 F.2d 116, 129-30 (6th Cir.1993), cert. denied, 114 S.Ct. 883 (1994). The mens rea requirement in an indictment is mere surplusage and its addition to the indictment did not prevent Morgan from defending himself. Id.
 
 
 10
 Morgan contends that the trial court erred by failing to give a proposed jury instruction. However, the trial court denied the requested instruction as the request was made orally and not in written form as required by the Ohio Rules of Criminal Procedure. To obtain habeas relief on the basis of incorrect jury instructions, a petitioner must show that the instruction was more than undesirable, erroneous, or universally condemned; the instruction must be so infirm that it rendered the entire trial fundamentally unfair. Estelle, 502 U.S. at 72. The jury instruction in this case does not meet this standard.
 
 
 11
 Finally, Morgan contends that the prosecution improperly referred to his failure to produce evidence and his choice not to testify during closing arguments. Under the circumstances of this case, the prosecutor's statements were not so egregious as to render Morgan's trial fundamentally unfair. Angel v. Overberg, 682 F.2d 605, 607-08 (6th Cir.1982).
 
 
 12
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation