94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald CRANMER, Petitioner-Appellant,
v.
Walt CHAPLEAU, Warden, Respondent-Appellee.
 No. 95-6508.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1996.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges; HOOD, District Judge.*
 
 ORDER
 
 2
 Donald Cranmer, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On August 20, 1992, a grand jury indicted Cranmer on two counts of first degree wanton endangerment and one count of possession of a handgun by a convicted felon. On September 14, 1993, Cranmer filed a petition for a writ of prohibition in the Kentucky court of appeals, asserting that he should not be tried because: 1) a trial would violate the Kentucky speedy trial statute, Ky.Rev.Stat.Ann. § 500.110; 2) a trial on both counts of wanton endangerment would violate his double jeopardy rights under the state and federal constitutions; and 3) the trial judge was biased. The court of appeals denied his petition, and the Supreme Court of Kentucky affirmed the decision on May 21, 1994. On May 25, 1994, Cranmer pleaded guilty to the wanton endangerment charges and received a sentence of three years for each count. Cranmer failed to perfect his appeal. On September 29, 1994, the state supreme court denied his petition for rehearing concerning the writ of prohibition.
 
 
 4
 Cranmer then filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting that: 1) his right to a speedy trial under the state and federal constitutions was violated; and 2) his double jeopardy rights under the state and federal constitutions were violated. The district court granted summary judgment for the respondent, and thus dismissed Cranmer's petition. Thereafter, the court issued a certificate of probable cause. In his timely appeal, Cranmer raises the same claims.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Cranmer's petition for habeas corpus relief because he has not shown the proceedings against him were fundamentally unfair. See Clemmons v. Sowders, 34 F.3d 352, 366 (6th Cir.1994). By pleading guilty, Cranmer waived his right to assert a violation of his speedy trial right. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). Furthermore, under the concurrent sentencing doctrine, we decline to address his double jeopardy claim as Cranmer will serve his sentence on the wanton endangerment charges concurrently with a longer sentence on another conviction. See Dale v. Haeberlin, 878 F.2d 930, 935 (6th Cir.1989), cert. denied, 494 U.S. 1058 (1990).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation