95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roosevelt ELSWICK, Petitioner-Appellant,
v.
E.L. SPARKMAN, Warden, Respondent-Appellee.
 No. 96-5031.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1996.
 
 Before: SILER, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Roosevelt Elswick, a Kentucky prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Elswick was indicted and tried for first-degree rape and first-degree sexual abuse in Pike Circuit Action No. 80-CR-176. Subsequent to a jury trial on April 22-23, 1981, Elswick was found guilty of first-degree rape. On May 27, 1981, Judge Edgar H. Venters sentenced Elswick to life imprisonment. All of Elswick's subsequent appeals and motions for post-conviction relief were denied.
 
 
 3
 On July 10, 1989, the indictment against Elswick in Pike Circuit Action No. 80-CR-176 was mistakenly dismissed, due to clerical or administrative error. On January 11, 1994, Judge Collier, who was the judge for Division I of the Pike Circuit Court which dismissed the indictment against Elswick in Pike Circuit Action No. 80-CR-176, ordered that his order of July 10, 1989, be set aside for naught. Thereafter, Elswick filed a petition for a writ of habeas corpus in Boyle Circuit Court, which was subsequently denied. This denial was affirmed on appeal, and the Kentucky Supreme Court denied discretionary review.
 
 
 4
 Elswick then filed his federal petition for a writ of habeas corpus, claiming that, because more than ten days had elapsed since the order of July 10, 1989, Judge Collier was without authority on January 11, 1994, to set aside the previous order dismissing the indictment. The respondent answered the petition and moved to dismiss, or in the alternative, for summary judgment. The matter was referred to a magistrate judge who issued a report recommending that Elswick's petition be denied. Despite Elswick's objections, the district court adopted the magistrate judge's report and recommendation in an opinion and order filed December 18, 1995. Judgment was entered that same date. This timely appeal followed.
 
 
 5
 The writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994); Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 6
 Upon review, we conclude that the district court properly dismissed Elswick's habeas petition. As pointed out by the district court, the action by the Pike Circuit Court was the result of a clerical or administrative error or some combination of clerical and administrative errors. Notwithstanding the administrative or clerical errors resulting in the July 10, 1989, order which dismissed Elswick's indictment, the trial court was without authority to dismiss Elswick's indictment. Under Ky.R.Crim.P. 9.64, the attorney for the Commonwealth, with the permission of the court, may dismiss an indictment prior to the submission of the case. Since Elswick had been convicted on Indictment No. 80-CR-176 on April 23, 1981, the Pike Circuit Court had no authority to dismiss that indictment more than eight years later on July 10, 1989. The trial court lost jurisdiction over this matter ten days after Elswick's sentencing on May 27, 1981, when the time for filing motions to vacate, alter, or set aside the judgment had expired. See Ky.R.Crim.P. 10.02.
 
 
 7
 Elswick's argument that the trial court had no authority on January 11, 1994, to set aside the July 10, 1989, order because the Commonwealth did not move to alter, vacate, or set aside the July 10, 1989, order, within ten days thereafter, ignores the judgment entered by the Pike Circuit Court on May 27, 1981, which became final ten days thereafter, in the absence of a motion to vacate, alter, or set aside the judgment. The trial court lacked jurisdiction over Elswick's case at the time the July 10, 1989, order was entered. Thus, the July 10, 1989, order was a nullity that was corrected by the January 11, 1994, order.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.