95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy L. McINTYRE, Jr., Petitioner-Appellant,
v.
Terry J. COLLINS, Respondent-Appellee.
 No. 95-3947.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1996.
 
 Before: BROWN, MARTIN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Leroy L. McIntyre, Jr., a pro se Ohio state prisoner, moves for miscellaneous relief and appeals a district court order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McIntyre was convicted following a jury trial of felonious assault and aggravated burglary, with firearm and prior felony specifications. He was sentenced to eight to fifteen and eight to twenty-five years of imprisonment, plus three years of actual incarceration on each of the firearms specifications, all to run consecutively. In this habeas petition, McIntyre argued that the prosecution surprised him with changed testimony of a witness who had previously identified only the car used in the crime, but at trial testified that she recognized McIntyre and had not identified him earlier out of fear for her safety. Additionally, McIntyre argued that his appellate counsel had been ineffective in failing to raise a number of issues. The district court adopted the magistrate judge's recommendation to deny the petition, over McIntyre's objections.
 
 
 3
 Upon review, we conclude that this petition was properly denied, as McIntyre was not denied a fundamentally fair trial. See Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). As to McIntyre's claim of surprise testimony, even if this claim was not procedurally defaulted in the state courts, the record shows that there was more than sufficient evidence to connect McIntyre with both crimes even absent this identification, and therefore the admittance of this testimony did not deny him a fair trial. McIntyre's claims of ineffective appellate counsel are also unpersuasive, as appellate counsel is not constitutionally required to raise every possible claim, see Smith v. Murray, 477 U.S. 527, 536 (1986), and the claims McIntyre argues should have been raised are of little merit.
 
 
 4
 Accordingly, all pending motions are denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.