97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest Jerome PAYTON, Petitioner-Appellant,
v.
Richard JOHNSON, Warden, Respondent-Appellee.
 No. 95-2190.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 Before: GUY, RYAN, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Ernest Jerome Payton appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, a jury convicted Payton of breaking and entering an occupied dwelling with intent to commit larceny, assault with intent to rob while unarmed, unarmed robbery, and assault with intent to do great bodily harm less than murder. Payton subsequently pleaded guilty to being a third offense habitual offender. Payton was sentenced to ten to thirty years of imprisonment. The Michigan Court of Appeals affirmed his conviction and the Michigan Supreme Court denied further review. The trial court denied Payton's request for post-conviction relief and the Michigan Court of Appeals and the Michigan Supreme Court denied further review.
 
 
 3
 Payton then filed a petition for a writ of habeas corpus in federal court, alleging that: 1) trial counsel rendered ineffective assistance because counsel did not call two alibi witnesses; 2) trial counsel rendered ineffective assistance by not objecting to an allegedly improper argument made by the prosecutor; 3) the evidence was insufficient to support his convictions; and 4) appellate counsel rendered ineffective assistance by not raising the first two issues on appeal. Over Payton's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Payton procedurally defaulted review of his first two claims in state court and that all of his claims were without merit, and dismissed the petition. Payton has filed a timely appeal and a motion requesting remand of the case to the district court for an evidentiary hearing.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Payton's habeas petition as meritless. This court reviews de novo a district court's conclusions of law and mixed questions of law and fact and reviews the district court's findings of fact for clear error. See Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). The writ of habeas corpus may issue to correct a fundamentally unfair proceeding resulting in the unjust confinement of the petitioner. Id. at 356.
 
 
 5
 We initially note that Payton does not raise on appeal the second and third claims presented in his habeas petition. Therefore, these claims are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 Payton procedurally defaulted his first claim in state court by not raising it in his direct criminal appeal. A state prisoner procedurally defaults a claim when he has not complied with an independent and adequate state procedural rule, thus causing him to lose review of his federal claim in state court. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A federal court may not reach the merits of a claim that has been procedurally defaulted in state court unless the petitioner can show cause and prejudice for the procedural default. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). Payton did not raise the ineffective assistance of trial counsel claim in his direct criminal appeal and the fourth claim in his habeas petition does not establish cause to excuse this default. He has also failed to show prejudice because his trial counsel did not render ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Accordingly, this court denies Payton's motion for remand and affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.