98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl W. SMITH, Petitioner-Appellant,
v.
Terry COLLINS, Warden of Southern Ohio Correctional
Institution, Respondent-Appellee.
 No. 95-3871.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1996.
 
 1
 Before: NORRIS and SILER, Circuit Judges; EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Darryl W. Smith, a pro se Ohio prisoner, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1986, Smith was convicted of intimidation and felonious assault, with specifications, in violation of Ohio law. He was sentenced to two to five years in prison on the first count and six to ten years on the second count, with these sentences to run consecutively. Smith was paroled in April of 1991, but in November of that year, he violated certain conditions of his parole and, after a hearing was held before the Ohio Adult Parole Authority (OAPA), his parole was revoked. In 1992, Smith filed a petition for state habeas corpus relief and for a writ of mandamus under state law. The Ohio Court of Appeals considered his claims, but rejected them as without merit. Smith then appealed this decision to the Ohio Supreme Court, but the state court rejected Smith's appeal because it was untimely.
 
 
 4
 Smith filed his federal habeas petition raising the following grounds in support: 1) the OAPA denied him due process by holding his parole violation hearing at a location that was inconvenient for his witnesses; and 2) his Fourth Amendment rights were violated when a parole officer searched his home without a warrant and seized evidence that was used in support of the OAPA's decision to revoke his parole. The district court determined that these claims had no merit, and denied the petition. On appeal, Smith raises the same grounds presented to the district court. Smith also moves this court to order Collins to "produce transcripts and evidentiary materials" surrounding Smith's parole revocation hearing.
 
 
 5
 The district court properly dismissed the petition, because Smith has not shown that he was given a fundamentally unfair trial or proceeding resulting in his unjust confinement. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). Because Smith was procedurally barred from raising his claims in the Ohio courts, the merits of his claims may not be considered in this federal habeas matter unless Smith can show cause to excuse his failure to present the claims and actual prejudice to his defense during the relevant proceedings. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989).
 
 
 6
 Smith stated that his state court appeal was untimely because his counsel refused to relinquish his case file and because he was in isolation at the time the appeal was due. Even assuming that these factors establish sufficient cause for his failure to timely file his appeal to the state supreme court, Smith cannot show that he was prejudiced by the result. Smith may not seek habeas relief based on his Fourth Amendment claim, because he had a full and fair opportunity to raise this claim in the state courts, and presentation of that claim was not thwarted by any failure of the state's corrective processes. Stone v. Powell, 428 U.S. 465, 494-95 (1976). All of the minimum due process requirements were met in this case, under the standards set forth in Morrissey v. Brewer, 408 U.S. 471, 487-90 (1972), specifically: 1) Smith received a written notice of the claimed violation of his parole; 2) the OAPA disclosed to Smith the evidence against him; 3) Smith was given the right, at a preliminary hearing, to confront and cross-examine adverse witnesses; 4) a neutral and detached hearing body conducted the parole revocation hearing and made the ultimate determination to revoke his parole; and 5) the OAPA provided a written statement as to the evidence relied upon and the reason for revoking his parole.
 
 
 7
 Smith's motion to compel the respondent to produce transcripts of his final revocation hearing must be denied. The OAPA destroyed the hearing tapes after two years, pursuant to state policy. However, the respondent submitted, with his return of writ, sufficient evidence to decide the issues raised in Smith's petition. Parole revocation procedures do not equate to a "criminal prosecution in any sense," but the process must be flexible enough to consider evidence, such as letters, affidavits, and other material not usually admissible in adversary criminal trials. Morrissey, 408 U.S. at 489. It was not necessary for the OAPA to transcribe Smith's final parole revocation hearing, which was an informal proceeding because of Smith's agreement to admit that he was guilty of violating a parole condition.
 
 
 8
 Accordingly, Smith's motion is denied, and the district court's order denying Smith's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation