98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry VAN GREGG, Petitioner-Appellant,
v.
Fred McANINCH, Warden, Respondent-Appellee.
 No. 95-3955.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1996.
 
 1
 Before: BOGGS and SILER, Circuit Judges; McCALLA, District Judge.*
 
 ORDER
 
 2
 Terry Van Gregg, an Ohio state prisoner, proceeding pro se appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Van Gregg pleaded guilty to one count of gross sexual imposition in violation of Ohio Rev.Code Ann. § 2907.05(A)(1) (Banks-Baldwin 1993), three counts of sexual battery in violation of Ohio Rev.Code Ann. § 2907.03(A)(1) (Banks-Baldwin 1993), one count of breaking and entering in violation of Ohio Rev.Code Ann. § 2911.13(B) (Banks-Baldwin 1993), and one count of unlawful restraint in violation of Ohio Rev.Code Ann. § 2905.03(A) (Banks-Baldwin 1993). The trial court sentenced Van Gregg to eighteen months in prison for the gross sexual imposition conviction to run concurrently with the other sentences. The trial court sentenced Van Gregg to consecutive two-year terms in prison on each of the three sexual battery convictions, eighteen months in prison for the breaking and entering conviction, and sixty days for the unlawful restraint conviction.
 
 
 4
 On delayed direct appeal, Van Gregg claimed that the trial court erred in entering separate convictions for the three counts of sexual battery and gross sexual imposition. Van Gregg argued that the offenses to which he pleaded guilty were not separate offenses, and the trial court erred in not finding that the gross sexual imposition count and the three counts of sexual battery were allied offenses of similar import under Ohio Rev. Code § 2941.25 (Banks-Baldwin 1993). The Ohio Court of Appeals rejected Van Gregg's claim and affirmed his convictions. Van Gregg did not appeal to the Ohio Supreme Court. Rather, he petitioned for post-conviction relief, arguing that the trial court erred in entering separate convictions for the sexual battery counts and gross sexual imposition count. The trial court denied Van Gregg's state petition for post-conviction relief (PCR) without an evidentiary hearing, and Van Gregg appealed. On appeal, Van Gregg's sole argument was that the trial court, at the time he was originally sentenced, failed to hold a hearing on the issue of whether the charges should have been merged. The Ohio Court of Appeals held that the issue raised in Van Gregg's PCR appeal was precisely the same issue raised and decided against Van Gregg on direct appeal. Therefore, the court applied the doctrine of res judicata and affirmed the trial court's judgment. The Ohio Supreme Court declined jurisdiction.
 
 
 5
 In his petition for habeas relief, Van Gregg claimed that: 1) the trial court violated his constitutional right to be free from double jeopardy by convicting and consecutively sentencing him on three counts of sexual battery; 2) the trial court violated his due process rights at the PCR proceeding by denying him an evidentiary hearing under the mandatory language in Ohio Rev.Code Ann. § 2953.21; 3) the trial court violated his Fourteenth Amendment rights by not affording him a hearing under Ohio Rev. Code Ann. § 2941.25; and 4) the State of Ohio violated his Fourteenth Amendment rights by affording inadequate post-conviction relief.
 
 
 6
 The magistrate judge recommended dismissing Van Gregg's habeas corpus petition. Upon de novo review in light of Van Gregg's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the petition.
 
 
 7
 In his timely appeal, Van Gregg reasserts the claims he set forth in the district court.
 
 
 8
 The writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). This court reviews de novo the district court's conclusions of law and mixed questions of law and fact, id. at 354, and reviews its findings of fact for clear error. Ibid.
 
 
 9
 Upon review, we conclude that the district court properly dismissed Van Gregg's habeas corpus petition for the reasons set forth in the magistrate judge's reports and recommendations dated January 11, 1995, March 16, 1995, and April 4, 1995, as adopted by the district court in its order dated June 7, 1995.
 
 
 10
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation