103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth CLEMMONS, Petitioner-Appellant,
v.
Emmitt L. SPARKMAN, Respondent-Appellee.
 No. 96-5528.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1996.
 
 Before: ENGEL, MERRITT, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Clemmons, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, a jury convicted Clemmons of first degree burglary, theft by unlawful taking and of being a first degree persistent felony offender. He was sentenced to a total of twenty years. The Supreme Court of Kentucky considered eight points of error and affirmed his conviction on direct appeal. In 1992, Clemmons filed a federal petition for habeas relief which the district court dismissed on the merits. After examining Clemmons's seven assignments of evidentiary and procedural error, this court affirmed the district court's judgment. Clemmons v. Sowders, 34 F.3d 352 (6th Cir.1994). In 1993, Clemmons filed a Ky.R.Crim.P. 11.42 motion to vacate judgment in state court on numerous grounds similar to those raised in his direct appeal and in his previous petition for federal habeas corpus relief. The trial court denied his motion. At the time of filing of the present suit, his appeal on the Rule 11.42 motion was pending before the state court of appeals.
 
 
 3
 In 1995, Clemmons filed his present habeas corpus petition in the district court, claiming for the first time that he had been denied effective assistance of appellate counsel in his direct appeal because counsel did not raise two issues he requested. Clemmons wanted counsel to assert that: 1) the arrest warrant was issued without probable cause; and 2) the jury violated state law by not informing the judge of Clemmons's innocence after they had unanimously voted to acquit him. Upon the magistrate judge's recommendation and over Clemmons's objections, the district court granted summary judgment in favor of the respondent and dismissed Clemmons's petition. Thereafter, the court issued a certificate of probable cause.
 
 
 4
 In his timely appeal, Clemmons reasserts his same claim. He moves to proceed in forma pauperis.
 
 
 5
 Upon review, we conclude the district court properly dismissed Clemmons's petition for habeas corpus relief because he has not shown the proceedings against him were fundamentally unfair. See Clemmons, 34 F.3d at 366. He has not established that he received ineffective assistance of appellate counsel as he has not shown any deficiency in her performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In her affidavit, counsel stated that she chose not to raise those issues so as not to detract from other issues on appeal. Clemmons has no constitutional right to have every nonfrivolous issue raised on appeal, Jones v. Barnes, 463 U.S. 745, 750-54 (1983), and tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). As there was no deficiency in appellate counsel's performance, we will not address the prejudice prong of Strickland.
 
 
 6
 Accordingly, we grant the motion to proceed in forma pauperis for the limited purpose of reviewing this appeal, and we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.