**Joseph BARNETT, Petitioner–Appellant,**

v.

**James BOWLEN, Respondent–Appellee.**

**No. 01–6307.**

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Joseph Barnett appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Claiborne Criminal Court in 1991, Barnett was convicted of first-degree murder and was sentenced to life imprisonment. The Tennessee Court of Criminal Appeals affirmed the conviction on direct appeal. *State v. Barnett*, No. 03CO1–9304–CR–00113, 1994 WL 283795 (Tenn.Crim.App. June 28, 1994). The Tennessee Supreme Court granted leave to appeal and affirmed the conviction on grounds other than those cited by the Tennessee Court of Appeals. *State v. Barnett*, 909 S.W.2d 423 (Tenn. 1995). Thereafter, the state trial court denied a postconviction motion to vacate judgment. The Tennessee Court of Criminal Appeals affirmed the trial court's judgment *Barnett v. State*, No. 03C01–9712–CR–00545, 1998 WL 862485 (Tenn.Crim. App. Dec.7, 1998), and the Tennessee Supreme Court denied leave to appeal.

Next, Barnett filed his federal habeas petition, asserting as grounds for relief that: (1) the trial court improperly denied him an expert witness at state expense; and (2) he received ineffective assistance of counsel. In response, the state moved for summary judgment. The district court granted respondent's motion, denied Barnett a certificate of appealability, and entered judgment accordingly. Barnett filed a timely notice of appeal, and this court granted Barnett a certificate of appealability with respect to each of his claims. On appeal, Barnett essentially reiterates his

claims that he was improperly denied an expert witness at state expense and that he received ineffective assistance of counsel. The state responds that Barnett's claims were rejected on the merits in reasonable state court decisions.

Upon de novo review, *see Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994); *Carter v. Sowders,* 5 F.3d 975, 978 (6th Cir.1993), we will affirm the judgment for the reasons stated by the district court in its memorandum filed September 23, 2001. In essence, the state court decisions rejecting Barnett's claims are not contrary to, or unreasonable applications of, federal law. *See Williams v. Taylor,* 529 U.S. 362, 410–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.