**Matthew PARKER, Petitioner–Appellant,**

v.

**Kevin MYERS, Warden, Respondent–Appellee.**

No. 01–6293.

United States Court of Appeals,
Sixth Circuit.

Dec. 18, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and FORESTER, Chief District Judge.*

*ORDER*

Matthew Parker appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Upon de novo review, *see Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994); *Carter v. Sowders,* 5 F.3d 975, 978 (6th Cir.1993), we will affirm the judgment be-

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of

cause Parker did not present his claim in the Tennessee courts. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The doctrine of exhaustion of state court remedies "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *Id.* at 845. Pursuant to the exhaustion doctrine, federal courts lack jurisdiction over a claim in a habeas petition that was not "fairly presented" to the state courts. *Jacobs v. Mohr,* 265 F.3d 407, 415 (6th Cir.2001). In such cases, federal habeas corpus review is foreclosed absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Here, Parker did not fairly present his claim in the state courts, and cannot show cause and prejudice to excuse his failure to do so or that a fundamental miscarriage of justice will result.

As noted, Parker filed a state habeas corpus petition in the state trial court after the court entered its corrected judgment in which Parker challenged the corrected sentence. However, Parker subsequently filed a notice to withdraw his petition upon the advice of counsel, and the trial court granted Parker's motion. Another state postconviction petition is now barred. *See* Tenn.Code Ann. § 40–30–202. Thus, Parker cannot now return to the state courts to exhaust his claim. Under these circumstances, Parker did not fairly present his claim in the state courts and cannot now do so.

Kentucky, sitting by designation.

Further, Parker cannot show cause and prejudice to excuse his failure to present his claim in the state courts or that a fundamental miscarriage of justice will result unless his claim is considered in habeas corpus. Parker cannot rely on an ineffective assistance of counsel claim to show cause why his claim was not presented in the state courts because he has never presented an ineffective assistance of counsel claim in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451–52, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). No other cause appears to exist that might excuse Parker's failure to present his claim in the state courts. Moreover, Parker at least arguably suffered no prejudice in this case because the sentencing court merely corrected its original judgment to comport with requirements of state law, and Parker withdrew his state postconviction petition because his amended sentence constituted the minimum sentence Parker would have faced had he been permitted to withdraw his guilty plea in this case. Under these circumstances, Parker cannot show cause and prejudice to excuse his failure to present his claim in the state courts or that a fundamental miscarriage of justice will occur unless his claim is considered.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.