MARTHA CRAIG DAUGHTREY,
dissenting.
Although I acknowledge that the legal analysis contained in the majority opinion is appropriate, I am not persuaded that the application of that analysis to the facts in this case necessarily leads to the conclusion that the petitioner is entitled to habeas relief. For this reason, I most respectfully dissent.
In order to circumvent the holding in Boggs v. Collins, 226 F.3d 728, 737 (6th Cir.2000) (“cross-examination as to bias, motive or prejudice is constitutionally protected, but cross-examination as to general credibility is not”), the majority concludes that the proposed cross-examination at issue in this case would have “raised a strong possibility that Warner’s psychiatric condition rendered her testimony unreliable regarding the very events at issue and, accordingly, was more similar to ... questions of motive or bias than to ... questions of general character for truthfulness.” Maj. Op. at 727. Accepting this analysis at face value, however, I am unable to see how further interrogation concerning the victim’s psychiatric condition would have rendered unreliable her testimony regarding the events surrounding the ear-jacking charge, as opposed to the rape charge, in light of the evidence in the record.
As the district court found, that evidence was sufficient to allow a rational trier of fact to find that the prosecution established beyond a reasonable doubt that Hargrave committed the offense of carjacking as defined by state law, when measured by the applicable federal constitutional standard required by Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Michigan carjacking statute requires proof that the defendant (1) took a motor vehicle from another person, (2) in the presence of that *730 person, a passenger, or anyone in lawful possession of the vehicle, (3) by force or violence, by threat of force or violence, or by putting the other person in fear. See M.C.L.A. 750.529a(l). If there were no other evidence than Warner’s testimony that Hargrave took a car from her by force, the reliability of her testimony could conceivably have been challenged successfully on the basis of a history of mental illness: Did she actually have a car and was it taken from her without consent, or was she suffering from hallucinations at the time of the alleged offense? Was the defendant actually the person who took it, or was he somehow misidentified because the victim was gripped by delusion?
The record as to the car-jacking, however, is not reasonably subject to such a challenge. Warner testified that she did not relinquish possession of the car voluntarily. The evidence showed that Warner was living in her car, a situation giving rise to a reasonable inference that she would not willingly consent to have the car taken from her. Warner described how Hargrave broke out the window of her automobile and landed inside the car on top of her. In fact, the window had been broken, and evidence of the manner in which it came to be broken was fully consistent with Warner’s testimony. In addition, the proof showed that Hargrave sustained cuts from the broken glass. Once he had subdued the victim and gained control of the keys, he moved the automobile several times with Warner in it. After she fled screaming from the car — screaming that was heard by people in the area — Hargrave drove off in the automobile and still had possession of it at the time of his arrest. Given the evidence in the record extraneous to Warner’s testimony, and given what the jury did know about her mental condition (which was apparently enough to provide a basis for acquitting the defendant on the rape charge), it is difficult to see how cross-examination concerning the contents of the probate petition would have added anything to the jury’s understanding of the facts or otherwise affected the outcome of the trial.
As the district court noted, citing Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir.1994), questions concerning the admission or exclusion of evidence are matters of state law and are not reviewable in a federal habeas proceeding unless the asserted error infringed upon a specific constitutional right or was so prejudicial as to deny due process. In Clemmons, we also held that even if a rule of evidence were violated, relief in a collateral action is appropriate only if “the error ‘had substantial and injurious effect or influence in determining the jury’s verdict.’ ” Id. (quoting Brecht v. Abrahamson, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). Hence, to obtain habeas relief on this basis, a petitioner must show actual prejudice. Id. at 357-58. Whether the proposed cross-examination in this instance is seen as relevant to the witness’s credibility (as the Michigan Court of Appeals and the district court found) or to her reliability (as the majority here proposes), there simply is no basis upon which to conclude that the petitioner established actual prejudice sufficient to constitute a constitutional violation requiring retrial.
For this reason, I would affirm the decision of the district court denying habeas relief.