98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Rancy HUFF, Petitioner-Appellant,
v.
WARDEN, KENTUCKY STATE REFORMATORY, Respondent-Appellee.
 No. 95-6614.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 
 ORDER
 
 1
 John Rancy Huff appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Huff was convicted of murder and sentenced to life imprisonment in 1961. He was paroled on that charge, but violated the terms of his parole by committing another murder. In 1977, Huff was sentenced to 20 years of imprisonment on the second murder, which was made concurrent with the remainder of his life sentence. Huff has completed service of his twenty-year sentence, but he remains in custody pursuant to the life sentence that he had received in 1961, for the first murder.
 
 
 3
 Huff alleged that his continued incarceration violates his constitutional rights because he has been required to serve his sentences consecutively, rather than concurrently. On November 13, 1995, the district court adopted a magistrate judge's recommendation and dismissed the case. The court found: 1) that Huff's prison record indicates that his sentences are concurrent; 2) that a life sentence is longer than a twenty-year sentence; 3) that Huff's sentences ran concurrently until the twenty-year sentence was discharged; and 4) that Huff is still incarcerated on the remainder of his life sentence. It is from this judgment that Huff now appeals.
 
 
 4
 We review the denial of a habeas corpus petition de novo, although the district court's factual findings are examined for clear error. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). Huff must establish actual prejudice to obtain federal habeas corpus relief, and the errors he has alleged may be considered to be harmless if they did not have a "substantial and injurious effect or influence" on the proceedings. Id. (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).
 
 
 5
 Huff argues that his life sentence should have been discharged at the same time as his twenty-year sentence because these sentences were concurrent. The record clearly indicates that Huff's twenty-year sentence was served concurrently with his life sentence and that he now remains incarcerated only on the remainder of his life sentence. Huff's argument is unavailing because his life sentence is longer than the twenty-year sentence that he has served. In such a situation, "the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run." Ky.Rev.Stat.Ann. § 532.120 (Baldwin 1974). The time Huff served on the twenty-year sentence was also credited to his life sentence, but this time was simply not sufficient to complete service of the longer sentence.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.