107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David BORSICK, Petitioner-Appellant,
v.
ERIE COUNTY COMMON PLEAS COURT; A. Maschari, Judge, Court
of Common Pleas Erie County, Ohio, Respondents-Appellees.
 No. 96-3380.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1997.
 
 1
 Before: KENNEDY, NELSON, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 David Borsick appeals pro se from a district court judgment that dismissed his habeas corpus petition, filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, an Ohio jury convicted Borsick of having a weapon while under a disability and drug trafficking, violations of Ohio Rev.Code §§ 2923.13 and 2925.03(A)(6). It appears that the prosecution submitted proof at trial, which indicated that Borsick had possessed both terpin hydrate and codeine. However, Borsick's drug trafficking conviction was based on an indictment that charged him with possessing only terpin hydrate. The state court of appeals reversed this conviction because terpin hydrate is not a controlled substance under Ohio law. The grand jury subsequently returned a corrected indictment which charged Borsick with possessing a mixture of terpin hydrate and codeine.
 
 
 4
 In his current petition, Borsick alleged that a new drug trafficking trial would violate his right to be free from double jeopardy and that this double jeopardy violation would result in the denial of his rights to due process and equal protection. The district court dismissed the petition on February 28, 1996, and it is from this judgment that Borsick now appeals.
 
 
 5
 We review the denial of a state prisoner's habeas corpus petition de novo. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). However, the district court's factual findings are examined for clear error and the factual findings of the state courts are presumed to be correct under 28 U.S.C. § 2254(d). Id. Borsick must establish actual prejudice to obtain federal habeas corpus relief, and the errors he has alleged may be considered to be harmless if they did not have a substantial and injurious effect or influence on the proceedings. See id.
 
 
 6
 Borsick's arguments all rely on his allegation that a retrial would violate the Double Jeopardy Clause because his drug trafficking conviction was overturned based on the insufficiency of the evidence. Our review of Borsick's double jeopardy claim is based on the reasoning that was announced by the state courts when his conviction was overturned. See Parker v. Norris, 64 F.3d 1178, 1182 (8th Cir.1995), cert. denied, 116 S.Ct. 820 (1996). The Ohio Court of Appeals overturned Borsick's conviction because his indictment had been defective, and "[i]t is clear that the Constitution permits retrial after a conviction is reversed because of a defect in the charging instrument." Montana v. Hall, 481 U.S. 400, 404 (1987) (per curiam). Hence, the Double Jeopardy Clause does not prohibit Borsick's retrial based on a corrected indictment. See id. at 402-04; United States v. Davis, 873 F.2d 900, 903-07 (6th Cir.), cert. denied, 493 U.S. 923 (1989).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation