**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0061n.06
Filed: January 26, 2005

**No. 03-1397**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| HERMAN L. DIXON, also known as | ) | |
| Siddiqquii Abdul-Sadah Mohhommed, | ) | |
| | ) | |
| *Petitioner-Appellant,* | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| | ) | District of Michigan |
| v. | ) | |
| | ) | |
| DAVID JAMROG, | ) | |
| | ) | |
| *Respondent-Appellee.* | ) | |

Before: BOGGS, Chief Judge; GILMAN, Circuit Judge; WEBER, District Judge.*

**PER CURIAM.**

Petitioner-Appellant Dixon appeals from a judgment of the district court denying his petition for writ of habeas corpus filed under 28 U.S.C. § 2254.

Dixon was convicted at a bench trial of two counts of felonious assault, one count of possession of a firearm during the commission of a felony and one count of being a felon in possession of a firearm. *See* Mich. Comp. Laws §§750.82(1), 750.227b, *and* 750.224f. He was sentenced as a habitual offender, M.C.L. § 769.10, to an aggregate term of from four to nine and one-half years of imprisonment. His sentence was affirmed on direct appeal and the Michigan Supreme Court declined further review in 2001.

---

* The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1

In his § 2254 petition, Dixon primarily alleged: 1) that he had not made a valid waiver of his right to counsel, 2) that he had not made a valid waiver of his right to a jury trial, 3) that the trial judge was biased, and 4) that he was denied the effective assistance of counsel at sentencing. On March 13, 2003, the district court issued an order denying Dixon's petition for a writ of habeas corpus. (J.A. at 57). The district court issued a certificate of appealability ("COA") that was limited to Dixon's claim that he had not made a valid waiver of his right to a jury trial. (J.A. at 79).

This court reviews the district court's legal conclusions denying a habeas corpus petition *de novo* and its findings of fact for clear error. **Seymour v. Walker**, 224 F.3d 542, 549 (6th Cir. 2000), **cert. denied**, 532 U.S. 989 (2001). Federal habeas corpus relief is available only if the state court's rejection of Appellant's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts.

28 U.S.C. § 2254(d). Under 28 U.S.C. § 2254(d)(2), a federal court is to apply a presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut the presumption. 28 U.S.C. § 2254(e)(1); **Warren v. Smith**, 161 F.3d 358, 360-361 (6th Cir.1998), **cert. denied,** 527 U.S. 1040 (1999).

The Michigan Court of Appeals analyzed Dixon's claim that he had not validly waived his right to a jury trial as follows when it affirmed his sentence:

> [T]he record is disjointed concerning the waiver of defendant's jury trial right, after counsel informed the court that defendant was demanding a bench trial. Nevertheless, the record sufficiently indicates that defendant voluntarily waived his right to a jury trial, given the repeated references to defendant's demand for a bench trial, including specific acknowledgments by defendant himself, and the prosecutor's agreement to

2

the bench trial at the hearing.

*State v. Dixon*, No. 217840, 2000 WL 33407137, at *2 (Mich. Ct. App. Sept. 15, 2000)(citations omitted)(unpublished opinion).

The district court properly rejected Dixon's claim because the state court's analysis was not based upon an unreasonable determination of the facts or an unreasonable application of controlling precedent. *See* 28 U.S.C. § 2254(d); *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004). In *Adams v. United States*, 317 U.S. 269, 281 (1942), the United States Supreme Court stated:

> [A] determination of guilt by a court after waiver of jury trial could not be set aside and a new trial ordered except upon a plain showing that such waiver was not freely and intelligently made.

Because the right to a jury trial is a fundamental right, there must be no doubt that any waiver of the right is made knowingly, intelligently, and voluntarily. *Spytma v. Howes*, 313 F.3d 363, 370 (6th Cir. 2002); *United States v. Martin*, 704 F.2d 267, 272-73 (6th Cir. 1983). The *Spytma* court continued:

> For a waiver to be voluntary, knowing, and intelligent, the defendant must possess a minimum amount of knowledge concerning his jury trial right and the mental capacity to understand the implications of waiver of that right.

*Spytma,* 313 F.3d at 370.

In denying his petition, the district court stated:

> First, as previously discussed, petitioner has failed to show that he was denied the right to counsel or the right to the effective assistance of counsel. Second, petitioner does not deny that he voluntarily and intelligently chose to have his case decided by the judge only. Petitioner's decision to choose a bench trial was stated on the record in open court at a pre-trial hearing held on May 18, 1998. See, Tr. Pre-Trial Hearing of May 18, 1998 at 15-18. A reference was made at that hearing to a prior occasion upon which petitioner stated the same preference. *Id.* at 15. Further, petitioner made no objections to proceeding with a bench trial at the time of trial and, as noted, petitioner states in his petition that he expressed the wish to have a bench trial. Petition at 14. Therefore, this Court concludes that the Michigan Court of Appeals decision that petitioner voluntarily and intelligently waived his right to a jury trial is a reasonable application of federal constitutional law.

3

(J.A.at 71-72).

Pursuant to the statutory presumption of correctness, the reviewing court gives complete deference to the federal district and state court findings of fact if supported by the evidence. ***Clemons v. Sowders***, 34 F.3d 352, 354 (6th Cir. 1994). The district court's findings of fact are reviewed for clear error. ***Id.*** The reviewing court is "required to give a high measure of deference to the state court's findings concerning the jury waiver, which are supported by the contemporaneous record in the case." ***Spytma,*** 313 F.3d at 371.

Appellant does not deny the facts as recited by the district court and he acknowledges that he voluntarily requested a bench trial. Throughout the proceedings he was either represented or advised by counsel and he gave every indication of understanding the implications of a bench trial. Moreover, he had been tried in a bench trial before. Appellant's claim that he did not properly waive his right to a jury trial therefore rests entirely on the written demand submitted on September 22. We must therefore consider whether Appellant effectively withdrew his waiver, on the "unique circumstances" of this case, ***Martin***, 704 F.2d at 272, when his counsel filed a motion requesting a jury trial. According to the record, the request seems to have been filed and then subsequently ignored by all parties and the court. There is no indication that Appellant mentioned the demand for a jury trial at any point, and he does not claim otherwise. The attorney who filed the motion, James Pratt, also did not pursue or even mention the demand for a jury trial even though he continued to advise Appellant and he was present at trial and other proceedings. Nor is there any indication on the record that the court responded to or followed up on the demand for a jury trial. The written demand seems to have been entirely ignored.

4

We do not believe that the written demand for a jury trial, standing alone, renders the state court's conclusion unreasonable. Given the silence of Appellant and Pratt, it was reasonable to conclude that Appellant either never supported the demand for a jury trial or that he immediately reverted to preferring a bench trial. Appellant was not shy about objecting or filing motions, and if he never asserted a desire for a jury trial in court it is reasonable to conclude that he stood by his original waiver. Thus it was reasonable for the state court to find that Appellant's waiver remained valid.

Dixon now argues that his claim was not subject to a harmless-error analysis because it involves a fundamental right. However, the state court of appeals did not rely primarily on such an analysis when it concluded that Dixon waived his right to a jury trial. Rather, it concluded that Dixon had properly waived his right, and so there was no need for harmless-error analysis.

Dixon also continues to argue that the trial judge was biased against him. However, he was not granted a COA regarding that claim, and it is not reviewable in this appeal. *See* 28 U.S.C. § 2253(c); *Seymour*, 224 F.3d at 561.

Accordingly, the district court's judgment is **AFFIRMED**.